IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JOHN GONZALES GARCIA,<br>Institutional ID No. 2007276,<br><br>Plaintiff,<br><br>v.<br><br>DR. TERRY ROSE,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>CIVIL ACTION NO.<br>5:19-CV-005-BQ<br>*ECF* |

## REPORT AND RECOMMENDATION

Proceeding pro se and *in forma pauperis*, John Gonzales Garcia filed this action complaining of events alleged to have occurred during his incarceration at the Texas Department of Criminal Justice (TDCJ) Preston E. Smith Unit (Smith Unit) in Lamesa, Texas. Compl. 3, ECF No. 1.[1] In his Complaint, Garcia alleges Smith Unit physician Dr. Terry Rose denied him adequate medical care by: (1) failing to order an MRI and other scans until complications arose; and (2) not prescribing sufficient medication to control his pain. *Id.* at 3, 6–7; Questionnaire 6–7, ECF No. 20.

Garcia filed his Complaint on January 14, 2019, and the United States District Judge subsequently transferred this case to the undersigned United States Magistrate Judge for further proceedings. ECF No. 9. The undersigned thereafter reviewed Garcia's Complaint and authenticated records from TDCJ and ordered Garcia to complete a questionnaire[2] pursuant to

---

[1] Page citations to Garcia's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

[2] The Court did not find the holding of a *Spears* hearing to be practical due to Garcia's facility assignment.

1

*Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976). Garcia timely completed and returned the questionnaire. ECF No. 20.

Garcia has not consented to proceed before the undersigned magistrate judge. In accordance with the order of transfer, the undersigned enters this Report and recommends that this action be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. Standard of Review

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2017); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical or other prison records if they are adequately identified and authenticated" (internal quotations omitted)).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. Discussion

### A. Garcia's Claims

In his Complaint, Garcia names as Defendants: (1) Talmadge Trammell, M.D., a doctor in Abilene; (2) certain employees at the TDCJ William P. Clements Unit (Clements Unit) in Amarillo, Texas; and (3) Dr. Terry Rose at the Smith Unit in Lamesa, Texas. Compl. 3. The undersigned transferred Garcia's claims against Dr. Trammell to the United States District Court for the Northern District of Texas, Abilene Division, and the claims against the Clements Unit employees to the Amarillo Division. *See* ECF No. 10. The only claim remaining before this Court is Garcia's claim that Dr. Rose was deliberately indifferent to his serious medical needs during his incarceration at the Smith Unit. *Id.*; *see* Questionnaire 1.

Garcia alleges that while incarcerated in 2016, he experienced a "failed surgery" on his back, and that following surgery the doctors who oversaw his care refused to order additional diagnostic procedures in response to his complaints of continued pain and back problems. Compl. 6–7. As a result of the surgery and lack of further testing, Garcia avers that he experienced "considerable pain and suffering, emotional trauma, and potential permanent damage to the spine and spinal cord." *Id.* at 7. Regarding Dr. Rose's care, Garcia specifically takes issue with her refusal to provide referrals for therapy and CT and MRI scans in response to his complaints of pain

and other symptoms related to his back.[3] Questionnaire 6. He claims these denials unnecessarily prolonged his pain and caused further damage to his back. *Id.* In June 2018, approximately nine months after coming under Dr. Rose's care, Garcia reported to her that a large lump had formed on his back; soon after this report, Dr. Rose ordered a post-operative CT scan that showed the need for additional surgery to correct the 2016 surgery. Compl. 7; Questionnaire 1, 4. In addition, although Dr. Rose refilled Garcia's prescription for ibuprofen on multiple occasions and increased his dose at least once, Garcia also claims he received inadequate medication to manage his back pain. Questionnaire 4–6. Garcia seeks monetary damages and injunctive relief. Compl. 4.

**B.    Garcia has not pleaded facts establishing that Dr. Rose violated the Eighth Amendment by acting with deliberate indifference to serious medical needs.**

Under the Eighth Amendment, prison officials have a duty to provide adequate medical care. *Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013). An inmate seeking to establish an Eighth Amendment violation in regard to medical care must allege facts showing that prison officials were deliberately indifferent to his serious medical needs. *Morris v. Livingston*, 739 F.3d 740, 747 (5th Cir. 2014) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)) (explaining that because "only the 'unnecessary *and wanton* infliction of pain' implicates the Eighth Amendment, a prisoner advancing such a claim must, at a minimum, allege 'deliberate indifference' to his 'serious' medical needs" (emphasis in original)). Deliberate indifference "is an 'extremely high' standard to meet" (*Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009)) and requires satisfaction of both an objective and a subjective component. *Rogers*, 709 F.3d at 410. An inmate must first prove objective exposure to a substantial risk of serious bodily harm. *Gobert v. Caldwell,* 463 F.3d 339, 345 (5th Cir. 2006). As to the subjective component, a prison official acts with

---

[3] While the exact dates are unclear, Garcia alleges he arrived at the Smith Unit "on or about 9/12/17" and left the Smith Unit "on or about July 9 – July 13, 2018." Questionnaire 1. Because Dr. Rose only treated Garcia at the Smith Unit, the Court focuses its analysis on Garcia's medical treatment between mid-September 2017 and mid-July 2018.

4

deliberate indifference only where he (1) knows the inmate faces a substantial risk of serious harm and (2) disregards that risk by failing to take reasonable measures to abate it. *Id.* at 346; *see also Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999) (quoting Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999)) (stating "prison official is not liable for denial of medical treatment 'unless he knows of and disregards an excessive risk to inmate health or safety'").

A prison official's "failure to alleviate a significant risk that the official should have perceived, but did not, is insufficient to show deliberate indifference." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 838 (1994)) (alterations and internal quotation marks omitted). "[D]eliberate indifference cannot be inferred merely from negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur Cty.*, 245 F.3d 447, 459 (5th Cir. 2001). Instead, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Brewster*, 587 F.3d at 770 (quoting *Farmer*, 511 U.S. at 837); *see Lawson v. Dall. Cty.*, 286 F.3d 257, 262 (5th Cir. 2002) (holding that deliberate indifference is a "subjective inquiry," and inmate must show prison official was actually aware of risk of harm and consciously ignored it).

Allegations of malpractice, negligence, or unsuccessful treatment fail to establish deliberate indifference. *Gobert*, 463 F.3d at 346. Similarly, an inmate's disagreement with the medical treatment provided does not give rise to a constitutional claim (*Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997)), and a delay in delivering medical care creates constitutional liability only where the alleged deliberate indifference results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993). In sum, an inmate must demonstrate that prison staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar

conduct that would clearly evince a wanton disregard for any serious medical needs" to state a viable Eighth Amendment claim for deliberate indifference to serious medical needs. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Here, Garcia has not alleged sufficient facts demonstrating that Dr. Rose violated his Eighth Amendment rights concerning medical care. Garcia's claim arises from a disagreement with Dr. Rose's decision not to complete additional diagnostic testing regarding his back pain until there was an outward physical manifestation of the internal complications allegedly resulting from his previous surgery. *See* Questionnaire 6. Specifically, Garcia claims that even though he requested such testing prior to the outward physical manifestation, Dr. Rose merely based "her opinion . . . on older CT and MRIs" when deciding to deny his requests. *Id.* The decision whether a prisoner needs a diagnostic test is a medical determination. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (holding that "the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment"). Further, a prisoner's disagreement with a doctor's medical decision to deny diagnostic tests, such as CT or MRI scans, does not amount to a constitutional violation. *See, e.g.*, *Bunton v. Corr. Corp. of Am.*, 286 F. App'x 242, 244 (5th Cir. 2008) (per curiam) (dismissing appeal of a prisoner's deliberate indifference claim "that he should have received a bone scan to better diagnose his injury," noting that such claims "are merely disagreements over the type of care provided, which are not actionable under § 1983"); *Baker v. Alford*, No. 3:11-CV-0675-P (BK), 2011 WL 2601516, at *4–5 (N.D. Tex. May 20), *R. & R. adopted*, 2011 WL 2619082 (N.D. Tex. June 30, 2011) (citing *Estelle*, 429 U.S. at 107–08) (dismissing prisoner's deliberate indifference claim against prison doctor who "refused to provide a MRI to determine conclusively if [prisoner] suffered from a 'micro fracture,' because of a prior back surgery" and reasoning that because the prisoner "alleg[ed] nothing more

than a difference of opinion as to the correct medical treatment, his allegations [did] not constitute an actionable civil rights claim").

Moreover, to the extent Garcia alleges that Dr. Rose did not prescribe adequate pain medication, he fails to provide sufficient facts demonstrating that Dr. Rose was deliberately indifferent to his medical needs. Like the decision whether to order diagnostic testing, doctors' determinations regarding the type of pain medication to provide a prisoner are "classic example[s] of a matter for medical judgment." *Brauner v. Coody*, 793 F.3d 493, 499 (5th Cir. 2015) (quoting *Estelle*, 429 U.S. at 107). A prisoner's disagreement with a doctor regarding the sufficiency of prescribed pain medication does rise to the level of a constitutional violation. *See, e.g.*, *Gonzales v. Isbell*, 456 F. App'x 466, 467 (5th Cir. 2012) (citing *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991)) ("[Plaintiff's] claim regarding the ineffectiveness of his pain medication exhibits merely a disagreement about his medical treatment, which is insufficient to raise a genuine dispute as to a material fact on a claim of deliberate indifference."); *Baez v. Immigration & Naturalization Serv.*, No. 06-30112, 2007 WL 2438311, at *1–2 (5th Cir. Aug. 22, 2007) (per curiam) (affirming district court's summary judgment against a prisoner who was prescribed pain medication and later received an increased dosage, but nevertheless claimed the medication was inadequate to treat his pain, because "disagreement with the medical treatment provided by [defendant] does not establish a constitutional claim under § 1983"); *Caves v. Nafrawi*, Civil Action No. 1:06-CV-143-BI ECF, 2008 WL 11429406, at *3–4 (N.D. Tex. Feb. 4, 2008) (dismissing prisoner's claim seeking more "efficacious pain medication" and holding that disagreement with his physician and dissatisfaction with treatment did not give rise to deliberate indifference claim).

In addition, even if Dr. Rose erred in (1) relying on allegedly outdated scans when deciding not to order new diagnostic testing or (2) not prescribing Garcia stronger pain medication, such

decisions, at most, constitute claims for negligence or medical malpractice, not deliberate indifference. *See Estelle*, 429 U.S. at 107. Allegations of "unsuccessful medical treatment, negligence, or medical malpractice are insufficient to give rise to a claim of deliberate indifference." *Fife v. NFN Hensley, Health & Med. Admin.*, No. 08-10062, 2009 WL 348823, at *1 (5th Cir. Feb. 12, 2009) (per curiam) (citing *Varnado*, 920 F.2d at 321); *see also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."). Accordingly, Garcia has failed to state a deliberate indifference claim on this basis as well.

In sum, because Garcia's claim rests upon disagreements with Dr. Rose's medical judgment not to order further scans of Garcia's back or provide stronger pain medication, the Court should dismiss Garcia's Eighth Amendment deliberate indifference to serious medical needs claim.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Court dismiss Garcia's Complaint and all claims therein with prejudice in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

### IV. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is

found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: July 25, 2019

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE